**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| GREGORY LEE WHITE,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHEAST CORRECTIONAL CENTER and UNKNOWN SLAUGHTER,<br><br>*Defendants.* | 1:26-cv-00184-MAL |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented Plaintiff Gregory Lee White's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and his certified inmate account statement for the period February 1, 2026 through August 19, 2026 (Doc. 5). The Court denies the Application to Proceed Without Prepaying Fees or Costs because Plaintiff failed to accurately disclose his income.

Plaintiff signed the Application under penalty of perjury and dated it July 31, 2026. (Doc. 2 at 2). In it, he disclosed no gross pay or wages. *See id.* at 1. Plaintiff's inmate account statement, though, shows he received payroll deposits to his account on February 10, March 10, April 10, May 10, June 10, and July 10. (Doc. 5 at 2-3). In his Application, Plaintiff answered "No" when asked whether he had received "Other Income," including income from gifts and "[a]ny other sources," in the past 12 months. (Doc. 2 at 1). But his inmate account statement shows he received six deposits from one particular individual: $15 on February 6; $26 on February 22; $20 on June 5 and June 27; $40 on July 18; and $15 on July 27. (Doc. 5 at 2-3). Plaintiff

was clearly aware of the foregoing deposits because he made canteen and kiosk purchases after receiving them. *See id.*

Plaintiff's account statement directly contradicts his representations of receiving no income from any source. The Court will therefore deny Plaintiff's Application, but will do so without prejudice and direct Plaintiff to either pay the $405 filing fee in its entirety or file another application.

If Plaintiff chooses to file another application, he must complete it carefully, truthfully answer each question in its entirety, and sign it under penalty of perjury. The Court admonishes Plaintiff that a future false statement will result in the dismissal of this action with prejudice. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *Askew v. Union Pac. Motor Freight Co.*, 998 F.2d 1018 (8th Cir. 1993) (per curiam) (unpublished table decision) (affirming dismissal with prejudice where district court found plaintiff "deliberately misstated his financial condition").

If Plaintiff files another application and the Court grants it, the Court will assess an initial partial filing fee and order Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, the Court will require him to make monthly payments until the filing fee is paid in full. And the Court will review his complaint under 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal. Plaintiff will remain responsible for paying the full amount of the filing fee even if the Court dismisses his Complaint.

Plaintiff has also filed a Motion for Appointment of Counsel. (Doc. 3). Civil litigants do not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that

plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

At present, there is no indication that the appointment of counsel is warranted. The Court will therefore deny Plaintiff's Motion, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED** without prejudice**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice**.**

**IT IS FURTHER ORDERED** that, no later than October 16, 2026, Plaintiff must either pay the $405 filing fee in full, or file an accurate application to proceed in district court without prepaying fees or costs. Failure to comply will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's form application to proceed in district court without prepaying fees or costs.

Dated this 29th day of September, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE